Rowland *v.* Seymour & another.

## EDMUND ROWLAND *vs.* HENRY SEYMOUR & another.

Where a bail bond is conditioned for the appearance of the principal " to answer in a plea of debt, as set forth in the writ," it is no defence to a *scire facias* against the bail, that the writ required the principal to answer in a plea of trespass on the case. Bail cannot be charged for the avoidance of their principal by a return of *non est inventus* before the return day of the execution.

SCIRE FACIAS against bail. One ground on which the defendants placed their defence was, that the action in which they became bail was trespass on the case, [for goods sold and deliv ered, services rendered, &c.] but that the bail bond, which they executed, was conditioned for the principal's appearance to answer to the plaintiff " in a plea of debt, as set forth in the writ." Another ground of defence was, that the execution against the principal issued from the court of common pleas on the 25th of June 1839, and was made returnable in three months, but that a return of *non est inventus* was made upon it, on the 23d of September 1839, before the return day.

PER CURIAM. The first point on which the defendants rely cannot avail them, for the reasons given, and on the authorities cited, in *Bull* v. *Clarke*, (*ante*, p. 590.) See also *Davenport* v. *Parker*, Fort. 368. *Cudwell* v. *Dunkin*, T. Jon. 137. *Gardiner* v. *Dudgate*, 2 Show. 51. *Atkinson* v. *Saunderson*, 1 Doug. 254, 259.

But the defendants must prevail on the other ground. The *months*, in the statute prescribing the time when executions shall be made returnable, (Rev. Sts. *c.* 97, § 9,) mean calendar months. The execution in this case was not returnable till the 25th of September, but was in fact returned on the 23d. The principal might have been surrendered between that day and the 25th, and the bail discharged. This case must follow *Niles* v. *Field*, (*ante*, 327.)

*H. Morris*, for the plaintiff.

*Ashmun & R. A. Chapman*, for the defendants.